EDMUND G. BROWN JR.
Attorney General of the State of California
KRISTIN G. HOGUE
Supervising Deputy Attorney General
DAVID F. TAGLIENTI, State Bar No. 131622
Deputy Attorney General
 110 West A Street, Suite 1100
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone: (619) 645-2015
 Fax: (619) 645-2012
 E-mail: David.Taglienti@doj.ca.gov

Attorneys for Defendants David Smith, M. Sheridan,
M.X. McCurty, D. Koludrovic, Escalante, and
Marquez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD CHRISMAN,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>DAVID SMITH, M. SHERIDAN, M.X. McCURTY, D. KOLUDROVIC, K. HAWTHORNE, ESCALANTE, RICHARDS, MARQUEZ, JOHN/JANE DOE, AND C. NAVAMANI,<br><br>　　　　　　　　　　　Defendants. | CASE NO.: 07cv2101IEG (LSP)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' NON-ENUMERATED MOTION TO DISMISS UNDER RULE 12(b)<br><br>Date:　June 2, 2008<br>Time:　10:30 a.m.<br>Courtroom: 1<br><br>Honorable Irma E. Gonzalez |

INTRODUCTION

In this action, Plaintiff, a state inmate proceeding pro se, alleges an Eighth Amendment deliberate indifference claim under 42 U.S.C. § 1983 against, among others, Defendants David Smith, M.Sheridan, M.X. McCurty, D. Koludrovic, Escalante, and Marquez, stemming from inadequate/delayed medical care he received at Richard J. Donovan Correctional Facility (RJD) in San Diego, for a broken nose and broken finger he suffered in a violent attack by another inmate on September 26, 2006. (Compl. ¶ 14.) Specifically, Plaintiff complains that each of the

1

Defendants knew or should have known that he was in need of immediate medical attention for his alleged injuries and failed to summon such medical care from on or about September 26, 2006, through July 2007. (*See* Compl. ¶ 25.) He further claims that as a result of Defendants' failings, he was forced to endure two surgical procedures to repair his finger and, ultimately, lost his finger to amputation. (Compl. ¶¶ 33-35.)

As set forth below, because Plaintiff has not exhausted his administrative remedies under the Prison Litigation Reform Act, the action should be dismissed without prejudice.

**ARGUMENT**

**I**

**THE ACTION SHOULD BE DISMISSED INASMUCH AS PLAINTIFF HAS NOT EXHAUSTED HIS ADMINISTRATIVE REMEDIES UNDER THE PRISON LITIGATION REFORM ACT**

The Prison Litigation Reform Act ("PLRA") amended in 1995, 42 U.S.C. § 1997e, requires that a state prisoner exhaust his administrative remedies under all circumstances in actions under 42 U.S.C. § 1983. The applicable statute, 42 U.S.C. § 1997e(a), provides in relevant part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under the PLRA, a state inmate must exhaust his administrative remedies when seeking money damages, even if the prison grievance procedure does not provide for monetary relief. *Booth v. Churner*, 532 U.S. 731, 739 (2001). Failure to exhaust administrative remedies subjects the action to dismissal. *Id.* at 741. It is of no consequence in the exhaustion context that the remedy available through the administrative process may not be the one sought by him. "Congress has mandated exhaustion . . . regardless of the relief offered through administrative procedures." *Id.*; *Porter v. Nussle*, 534 U.S. 516 (2002) (PLRA's exhaustion requirement applies to all inmate suits about prison life; purposes of exhaustion requirement include allowing prison to take responsive action, filtering out frivolous cases, and creating administrative records); *Woodford v. Ngo,* 548 U.S. 81 (2006) (state prisoner's action under section 1983

challenging restrictions on his participation in special programs was properly dismissed for failure to exhaust administrative remedies, where prisoner filed untimely or otherwise procedurally defective administrative grievance).  The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532.

Recently, the United States Supreme Court held that nonexhaustion under section 1997e(a) is not jurisdictional, but instead is an affirmative defense which must be pled and proven by the defendant. *Jones v. Bock*, 2007 U.S. LEXIS 1325 (2007).  The defendant therefore has the burden of raising and proving the absence of exhaustion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).  Furthermore, the Ninth Circuit has held that "failure to exhaust nonjudicial remedies is a matter of abatement" not going to the merits of the case and is properly raised pursuant to a motion to dismiss, including a non-enumerated motion under rule 12(b).  *See Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368-69 (9th Cir. 1988); *Wyatt*, 315 F.3d at 1119 (observing a non-enumerated motion under Rule 12(b) to be "the proper pretrial motion for establishing nonexhaustion" of administrative remedies under 42 U.S.C. § 1997e(a)).  Unlike a Rule 12(b)(6) motion, however, "[i]n deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Wyatt*, 315 F.3d at 1119 (citing *Ritza*, 837 F.2d at 369).  Moreover, when the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." *Id.*; *see also Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005), *cert. denied* 2007 U.S. 2060 (U.S., February 20, 2007).

Title 15 of the California Code of Regulations describes the applicable administrative appeal process available to a state inmate.  "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust administrative remedies, a prisoner must first attempt to informally resolve the grievance with the "staff [member] involved in the action or decision"

1  being appealed, unless excepted under subsection (3). *Id*. § 3084.5(a). If unsuccessful, the
2  inmate must then submit a formal appeal on an inmate appeal form (first formal level) to the
3  institution's Appeals Coordinator or Appeal's Office (*id*. § 3084.5(b)) and, if unsuccessful there,
4  must submit a formal appeal for second level review (*id.* § 3084.5(c)), which is conducted by the
5  institution head or regional parole administrator, or their designee. *Id*. § 3084.5(e)(1). Lastly,
6  the inmate must submit a formal appeal for third level review to the director of CDCR or the
7  director's designee under the supervision of the chief, inmate appeals. *Id*. § 3084.5 (e)(2).
8           In this case, Plaintiff has not exhausted his administrative remedies under the
9  PLRA, having at no time presented a 602 appeal at the first formal level with regard to the
10 injuries forming the basis of this claim, or appealed any decision thereon to the third level, or
11 Director's level, as required by § 3084.5 (e)(2). (*See* Decl. of E. Franklin, ¶ 9, and Decl. of
12 N. Grannis, ¶ 4, filed herewith as Exhs. A and B, respectively.)
13          Therefore, because Plaintiff has failed to exhaust his administrative remedies
14 under the PLRA, the complaint should be dismissed without prejudice as to these moving
15 defendants.
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

## CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court grant the motion to dismiss without prejudice as to these moving Defendants.

Dated: April 21, 2008

                Respectfully submitted,

                EDMUND G. BROWN JR.
                Attorney General of the State of California

                KRISTIN G. HOGUE
                Supervising Deputy Attorney General

                /s/ David F. Taglienti
                DAVID F. TAGLIENTI
                Deputy Attorney General

                Attorneys for Defendants David Smith,
                M. Sheridan, M.X. McCurty, D. Koludrovic,
                Escalante, and Marquez

80220693.wpd