# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD CHRISMAN,<br><br>                              Plaintiff,<br>     vs.<br>DAVID SMITH, et al.,<br><br>                              Defendants. | CASE NO. 07cv2101-IEG(LSP)<br><br>Order Granting Defendants' Motion to Dismiss Complaint Without Prejudice [Doc. No. 21] |

Plaintiff, formerly a state prisoner, has filed a complaint under 42 U.S.C. § 1983 alleging prison officials were deliberately indifferent to his need for medical care in violation of the Eighth Amendment. Defendants move to dismiss the Complaint under Fed. R. Civ. P. 12(b), arguing Plaintiff failed to exhaust his remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e. Plaintiff did not file a written opposition.

A hearing was held before Chief Judge Irma E. Gonzalez on June 2, 2008. Plaintiff appeared on his own behalf. Deputy Attorney General David Taglienti appeared on behalf of Defendants.

At the time of the hearing, Plaintiff argued he attempted to exhaust his prison remedies but was unable to do so because prison officials did not respond to his 602s. Plaintiff had copies of 602s he purportedly submitted to prison officials while he was still incarcerated, and stated he submitted them to prison officials. The Court need not resolve this issue, however.

Where a plaintiff has failed to exhaust prison administrative remedies prior to filing suit, the

1 defendant is entitled to dismissal of the action without prejudice.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108,
2 1119 (9th Cir. 2003).  By its terms, the PLRA's exhaustion requirement applies only to those
3 persons who confined in jail or prison at the time a suit is brought.  42 U.S.C. § 1997e ("No action
4 shall be brought with respect to prison conditions . . . by a prisoner *confined in any jail*, prison or
5 other correctional facility until such administrative remedies as are available are exhausted.")
6 Because Plaintiff is no longer incarcerated, the Court will dismiss the complaint in this case without
7 prejudice, and Plaintiff may refile his complaint as a new case.[1]

8     Defendants' motion to dismiss is GRANTED. Plaintiff's complaint is DISMISSED
9 WITHOUT PREJUDICE. The Clerk shall close this case. Plaintiff may proceed with his claims in a
10 newly filed case.

11 **IT IS SO ORDERED**.

13 **DATED:  June 6, 2008**

14 _____
15 **IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

---

28 [1] At the hearing on June 2, 2008, counsel for Defendants indicated he was not aware Plaintiff was out of custody.  Counsel also agreed to accept service if Plaintiff re-files the identical complaint.