**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA

OFFICE OF THE CLERK
880 FRONT STREET, SUITE 4290
SAN DIEGO, CALIFORNIA 92101-8900

OFFICIAL BUSINESS

07cv2101-IEG(LSP)

**FILED**
JUL 10 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Returned ...
No forwarding address
Exceeds pages discard
Date 7/10/08

Ronald Chrisman C-55019
w/co Neal Good Day Center
299 17th Street
San Diego, CA 92101

RETURN SERVICE REQUESTED


FIRST CLASS AUTO
neopost
$00.346
06/10/2008
Mailed From 92132
US POSTAGE
IEG
0493820452S1

NIXIE    921 SC 1    72 07/05/08
RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD
BC: 92101892965    *0204-01545-11-00

Case 3:07-cv-02101-IEG-LSP Document #: 24-1 Date Filed: 06/09/2008 Page 1 of 1
Case 3:07-cv-02101-IEG-LSP Document 25 Filed 07/10/2008 Page 2 of 3
AO 450 Judgment in a Civil Case

# United States District Court

## SOUTHERN DISTRICT OF CALIFORNIA

Ronald Chrisman

v.

David Smith; et. al.

FILED
JUN - 9 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

JUDGMENT IN A CIVIL CASE

CASE NUMBER: 07cv2101-IEG(LSP)

☐ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED

that the Defendants' motion to dismiss is **GRANTED**. Plaintiff's Complaint is **dismissed without prejudice**. Plaintiff may proceed with his claims in a newly filed case. Case is closed..................

| June 9, 2008 | W. Samuel Hamrick, Jr. |
|---|---|
| Date | Clerk |
| | J. Haslam /s/ J. H. |
| | (By) Deputy Clerk |

ENTERED ON June 9, 2008

07cv2101-IEG(LSP)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| RONALD CHRISMAN, | CASE NO. 07cv2101-IEG(LSP) |
|---|---|
| Plaintiff, vs. DAVID SMITH, et al., Defendants. | Order Granting Defendants' Motion to Dismiss Complaint Without Prejudice [Doc. No. 21] |

Plaintiff, formerly a state prisoner, has filed a complaint under 42 U.S.C. § 1983 alleging prison officials were deliberately indifferent to his need for medical care in violation of the Eighth Amendment. Defendants move to dismiss the Complaint under Fed. R. Civ. P. 12(b), arguing Plaintiff failed to exhaust his remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e. Plaintiff did not file a written opposition.

A hearing was held before Chief Judge Irma E. Gonzalez on June 2, 2008. Plaintiff appeared on his own behalf. Deputy Attorney General David Taglienti appeared on behalf of Defendants.

At the time of the hearing, Plaintiff argued he attempted to exhaust his prison remedies but was unable to do so because prison officials did not respond to his 602s. Plaintiff had copies of 602s he purportedly submitted to prison officials while he was still incarcerated, and stated he submitted them to prison officials. The Court need not resolve this issue, however.

Where a plaintiff has failed to exhaust prison administrative remedies prior to filing suit, the